Case 3:25-cr-00182-MMH-PDB   Document 1   Filed 08/21/25   Page 1 of 8 PageID 1

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.

JOSE RENE JIMINEZ
RENE PIERRE JIMINEZ

CASE NO. 3:25-cr-182-MMH-PDB
18 U.S.C. § 1349
(Conspiracy to Commit Wire Fraud)
18 U.S.C. § 1343
(Wire Fraud)

# INDICTMENT

The Grand Jury charges:

## COUNT ONE
(Conspiracy to Commit Wire Fraud)

### A. Introduction

At all times material to this Indictment:

1. Target Corporation (Target) was a corporation operating and doing business in the Middle District of Florida, and elsewhere, and was headquartered in Minneapolis, Minnesota.

### B. The Conspiracy

2. Beginning on an unknown date, but no later than in or about January 2025, and continuing through in or about February 2025, in the Middle District of Florida, and elsewhere, the defendants,

JOSE RENE JIMINEZ and
RENE PIERRE JIMINEZ,

did knowingly and willfully conspire with each other and other persons, both known and unknown to the grand jury, to knowingly, willfully, and with intent to defraud, devise and intend to devise and participate in a scheme and artifice to obtain money and property from Target by means of materially false and fraudulent pretenses, representations, and promises in violation of 18 U.S.C. § 1343.

### C. Manner and Means of the Conspiracy

3. The manner and means by which the conspirators carried out the conspiracy and artifice to defraud included, but were not limited to the following:

   a. It was part of the scheme and artifice to defraud in the Middle District of Florida, and elsewhere, that the defendants purchased iPads, a product of Apple, Inc., from multiple Target stores.

   b. It was further part of the scheme and artifice to defraud that the defendants obtained counterfeit iPads from other co-conspirators, which bore the same serial numbers as the legitimate iPads that either they or other co-conspirators previously purchased.

   c. It was further part of the scheme and artifice to defraud that the defendants took counterfeit iPads, which bore the same serial number as legitimate iPads, that either the defendants or other co-conspirators purchased, back to Target stores and obtained refunds for the counterfeit iPads.

   d. It was further part of the scheme and artifice to defraud that the defendants obtained refunds from Target stores, which resulted in a wire transaction affecting interstate commerce, in that each transaction transmitted a signal from the

local Target store to the Target servers in Minneapolis, Minnesota.

    e.    It was further part of the scheme or artifice to defraud that the defendants and co-conspirators caused Target to be deprived of the value of the legitimate iPads they and other conspirators purchased, when the defendants and co-conspirators obtained refunds for counterfeit iPads.

In violation of 18 U.S.C. § 1349.

## COUNTS TWO THROUGH SEVEN
### (Wire Fraud)

### A. Introduction

At all times material to this Indictment:

1.    Part A of Cout One of this Indictment is realleged and incorporated by reference, as if fully set forth herein.

### B. Scheme and Artifice

2.    Beginning on an unknown date, but no later than in or about January 2025, and continuing through in or about February 2025, in the Middle District of Florida, Southern District of Florida, and elsewhere, the defendant,

### JOSE RENE JIMINEZ,

did knowingly, willfully, and with intent to defraud, devise and intend to devise and participate in, a scheme and artifice, to obtain money and property from Target by means of materially false and fraudulent pretenses, representations, and promises.

In violation of 18 U.S.C. § 1343.

## C. Manner and Means

3. Part C of Count One of this Indictment is realleged and incorporated by reference, as if fully set forth herein.

## D. Execution of the Scheme

4. On or about the dates set forth below, in the Middle District of Florida, the defendant,

JOSE RENE JIMINEZ,

knowingly and intentionally executed and attempted to execute the aforesaid scheme and artifice, by causing the fraudulent transactions described below, causing writings, signs, and signals to be transmitted by means of wire and radio communication in interstate commerce from the listed Target stores to the Target servers in Minneapolis, Minnesota:

| COUNT | DATE | LOCATION | TRANSACTION |
|---|---|---|---|
| TWO | January 15, 2025 | Target Clearwater, FL | Returned iPad for refund of $1,376.94 |
| THREE | January 18, 2025 | Target Winter Garden, FL | Returned iPad for refund of $1,389.93 |
| FOUR | January 20, 2025 | Target Orange City, FL | Returned iPad for refund of $1,068.93 |
| FIVE | January 21, 2025 | Target Jacksonville, FL | Returned two iPads for refund of $2,147.86 |
| SIX | January 21, 2025 | Target Jacksonville, FL | Returned two iPads for refund of $2,362.86 |
| SEVEN | January 22, 2025 | Target Melbourne, FL | Returned iPad for refund of $1,276.94 |

All in violation of 18 U.S.C. § 1343.

## COUNTS EIGHT THROUGH TEN
### (Wire Fraud)

### A. Introduction

At all times material to this Indictment:

1. Part A of Cout One of this Indictment is realleged and incorporated by reference, as if fully set forth herein.

### B. Scheme and Artifice

2. Beginning on an unknown date, but no later than in or about January 2025, and continuing through in or about February 2025, in the Middle District of Florida, Southern District of Florida, and elsewhere, the defendant,

### RENE PIERRE JIMINEZ,

did knowingly, willfully, and with intent to defraud, devise and intend to devise and participate in, a scheme and artifice, to obtain money and property from Target by means of materially false and fraudulent pretenses, representations, and promises.

In violation of 18 U.S.C. § 1343.

### C. Manner and Means

3. Part C of Count One of this Indictment is realleged and incorporated by reference, as if fully set forth herein.

### D. Execution of the Scheme

4. On or about the dates set forth below, in the Middle District of Florida, the defendant,

### RENE PIERRE JIMINEZ,

knowingly and intentionally execute and attempted to execute the aforesaid scheme and artifice, by causing the fraudulent transactions described below, causing writings, signs, and signals to be transmitted by means of wire and radio communication in interstate commerce from the listed Target stores to the Target servers in Minneapolis, Minnesota:

| COUNT | DATE | LOCATION | TRANSACTION |
|---|---|---|---|
| EIGHT | January 13, 2025 | Target Altamonte Springs, FL | Returned iPad for refund of $1,068.93 |
| NINE | January 13, 2025 | Target Orlando, FL | Returned iPad for refund of $1,325.90 |
| TEN | January 18, 2025 | Target Davenport, FL | Returned iPad for refund of $1,396.43 |

All in violation of 18 U.S.C. § 1343.

## FORFEITURE

1. The allegations contained in Counts One through Ten are incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2. Upon conviction of a violation of 18 U.S.C. §§ 1343 and/or 1349, the defendants shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the violation.

3. The property to be forfeited includes, but is not limited to, the following: an order of forfeiture in the amount of the proceeds the defendants personally obtained

from the offenses, which is to be determined at or before sentencing.

4. If any of the property described above, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL,

GREGORY W. KEHOE,
United States Attorney

By: _____
KELLI A. SWANEY
Assistant United States Attorney

By: _____
MICHAEL J. COOLICAN
Assistant United States Attorney
Deputy Chief, Jacksonville Division

FORM OBD-34
8/20/25 Revised

No.

# UNITED STATES DISTRICT COURT
## Middle District of Florida
### Jacksonville Division

## THE UNITED STATES OF AMERICA

vs.

### JOSE RENE JIMINEZ
### RENE PIERRE JIMINEZ

## INDICTMENT

Violations:  Ct 1:       18 U.S.C. § 1349
             Cts. 2-10:  18 U.S.C. § 1343

A true bill,

███████████████████████████

Filed in open court this  21st  day of August 2025.

_____Barbara Rothecul_____
Clerk

Bail  $_____

GPO 863 525